GEORGE Kerner,Appellant

VS No.8396

Hortman Co.

CHARLES F.CLAIBORNE,Judge

November 27th 1922.

GEORGE KERNER,Appellant

Vs. No.8596

HORTMAN CO.

Charles F.Claiborne,Judge.

Plaintiff's automobile collided with defendants truck and suffered damage;hence this suit.

The plaintiff alleged that on June 8th at about ten o'clock in the morning he was driving his Ford Truck up St.Charles Avenue towards Carrollton Avenue,thus having the right.of way, when at the intersection of Sixth Street an auto-truck driven by one of defendant's employees approached on Sixth Street from the direction of the river,and crossing the intersection of St.Charles Avenue collided with plaintiff's auto inflicting damages to the amount of $161.15;that the collision was caused by the carelessness and negligence of the defendant,while the plaintiff exercised due care and was free from negligence.

The defendant avered on the contrary that the collision "was due wholly and solely to the fault of petitioner in driving into the truck of respondent at a time when said truck had almost crossed St.Charles Avenue on its way out Sixth Street; that when its said truck started to cross,there was ample time for it to have done so in safety had petitioner used proper care in the operation of his automobile,but that instead of exercising ordinary care petitioner recklessly and carelessly drove into the truck of your respondent."

There was judgment for defendant and plaintiff has appealed.

The evidence of defendant is that on June 8th at ten o'clock in the morning,and while it was raining,the defendant's chauffeur was driving down St.Charles Avenue on the River side of the neutral ground;when he reached Sixth Street he turned to his left,and proceeded to cross St.Charles Avenue; after he had crossed it all but about six feet,plaintiff's car collided with

856

his truck on the hind wheel of the engine and the radiator of the oar was hit and thrown in the gutter at the downtown wood corner of Sixth Street and St.Charles Avenue:plaintiff was driving up town along the neutrạl ground;when he reached Sixth Street he swerved to the right,and ran into defendant's truck four or six feet from the woodside curbing of the St.Charles Street banquet;if he had proceeded straight along the neutral ground he would not have come in contact with the truck.

Pláintiff ~~was~~ says that he was driving his car up St. Charles Avenue along the neutral ground; when he approached Sixth Street about twenty feet from the corner,he noticed defendant's truck crossing St.Charles Avenue and blew his horn; he went right ahead because he had the right of way;neither the plaintiff nor the defendant slowed up;plaintiff turned into Sixth Street to avoid the accident,but struck defendant's car and was thrown into a ditch about fifteen feet from St.Charles Avenue and Sixth Street.

Plaintiff seems to rest his case upon his assumption that he had the right of way.But there is no question of right of way here.

The traffic ordinance regulating the rightS and duties of chauffeurs and granting the right of way *has* not been offered in evidence.Courts cannot take judicial cognizance óf City ordinances.They must be ~~peade~~ pleaded *and* introduced in evidence to be considered.1 H.D.486 Taylor Dig.333-3 La Dig.121 -7 A 495 14 A 355-32 A 1161-33 A 107 -35 A 367-44A 85-45 A 30 -104 La.1 (6) 105 La 762-107 La 413 (416) -124 La 774 (778) 130 La.195 (200) 131 La 381-139 La 605 (614) 1 Mc Gloin 299-6 Ct.App 69

This case must therefore be decided according to the common law rules of the law of the road.According to those rules neither the plaintiff nor the defendant was entitled to the right of way.Each party had equal rights on both Sixth and St.Charles Streets.

When each approached a common point where a collision might occur,it was the duty of both to stop and avoid it.

In this case neither stopped.The law put↑the blame upon him who had the last chance of avoiding the accident.In this case it appears to us that the last chance was with the plaintiff, for the defendant had already crossed nearly the whole of St. Charles Street.when the plaintiff dashed into him.If he had restrained his auto,as he could and should have done,and had he used proper care,the accident would not have happened.It was therefore his fault.The judge of the City Court was of that opinion and we cannot say that he erred.

Judgment affirmed.